**PLAINS TELEVISION CORPORATION,**
Appellant

v.

**FEDERAL COMMUNICATIONS COM-MISSION,** Appellee

Livesay Broadcasting Co., Inc., Wabash Valley Broadcasting Corporation, Intervenors.

No. 15204.

United States Court of Appeals District of Columbia Circuit.

Argued March 24, 1960.

Decided April 28, 1960.

Mr. Robert W. Coll, Washington, D. C., with whom Messrs. James A. McKenna, Jr., and Vernon L. Wilkinson, Washington, D. C., were on the brief, for appellant.

Mr. Joel Rosenbloom, Counsel, Federal Communications Commission, with whom Messrs. John L. FitzGerald, General Counsel, Federal Communications Commission, Max D. Paglin, Assistant General Counsel, Federal Communications Commission, and Mrs. Ruth V. Reel, Counsel, Federal Communications Commission, were on the brief, for appellee.

Mr. J. Roger Wollenberg, Washington, D. C., with whom Mr. Andrew G. Haley, Washington, D. C., was on the brief, for intervenor Wabash Valley Broadcasting Corporation.

Mr. Benedict P. Cottone, Washington, D. C., for intervenor Livesay Broadcasting Co., Inc. Mr. Arthur Scheiner, Washington, D. C., also entered an appearance for intervenor Livesay Broadcasting Co., Inc.

Before Mr. Justice BURTON, retired,* and DANAHER and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

Petitioner (appellant) in this appeal urges that the action of the Federal Communications Commission (Commission, appellee), in rejecting as untimely its application for Channel 10, erroneously deprived petitioner of its rights to an Ashbacker[1] hearing and improperly ignored relevant public interest considerations. The facts are brief and largely undisputed.

Wabash Valley Broadcasting Corporation (Wabash), an intervenor, is the operator of Station WTHI-TV on Channel 10 in Terre Haute, Indiana, having operated on that channel since July 1954. In 1957, the Commission reassigned Channel 2 from Springfield, Illinois, to St. Louis, Missouri, and Terre Haute, Indiana. Shortly thereafter, Wabash filed an application to operate on Channel 2 rather than Channel 10.

On August 29, 1957, Illiana Telecasting Corporation (Illiana) also filed an application for Channel 2 and, on December 5, 1957, the Commission designated those mutually exclusive applications for comparative hearing.

On April 25, 1958, Wabash filed its concurrent application for renewal of its license on Channel 10. On June 2, 1958, Livesay Broadcasting Co. (Livesay), also an intervenor, tendered for filing an application for Channel 10. The application of Livesay, as originally tendered, was contingent upon the grant of Wabash's application for Channel 2; but, on June 12, 1958, the application was amended to remove the contingency. It thus became mutually exclusive with the Wabash renewal application, and public notice of this was published by the Commission.

Thereafter, and on September 4, 1958, Wabash and Livesay filed letters with the Commission purporting to waive rights to notification under § 309(b)[2]

---

* Sitting by designation pursuant to 28 U.S.C. § 294(a).

1. Ashbacker Radio Corp. v. Federal Communications Commission, 326 U.S. 327, 66 S.Ct. 148, 90 L.Ed. 108.

2. 47 U.S.C.A. § 309(b):
 "(b) *Notification of denial; contents; reply; hearing; intervention.*
 "If upon examination of any such application the Commission is unable to make the finding specified in subsection (a) of this section, it shall forthwith notify the applicant and other known parties in interest of the grounds and reasons for its inability to make such finding. Such notice, which shall precede formal designation for a hearing, shall advise the applicant and all other known parties in interest of all objections made to the application as well as the source and nature of such objections. Follow-

of the Federal Communications Act, as amended, and requested early designation of their applications for consolidated hearing. So far as appears, no public notice was given by the Commission of either of the waiver requests.

On September 22, 1958, the Commission granted the waiver requests and designated the applications of Wabash and Livesay for a consolidated comparative hearing. Up to that time, no intimation had been given that appellant was or would be an applicant for Channel 10.

On October 10, 1958, appellant, as licensee of television station WICS, Channel 20, Springfield, Illinois, and permittee of television station WCHU, Channel 33, Champaign, Illinois (not yet on the air), petitioned to intervene in the Channel 10 hearing. Appellant claimed serious economic injury, among other things, due to an overlap and claimed to be a party in interest entitled to intervene and to be made a party, as of right, in order to present evidence to show that a grant of the application of Livesay would be contrary to the public interest by virtue of the fact that that application, which had specified a transmitter site in Illinois, would provide a new competitive VHF service to portions of Central Illinois served by appellant and Prairie Television Company, licensee of station WTVP, Channel 17, Decatur, Illinois. Prairie Television Company filed a similar petition on October 22, 1958.

Appellant, by a further petition filed concurrently with its petition to intervene, sought to enlarge the issues in the Channel 10 proceeding to determine:

"(a) * * * the impact of a grant of the application of Livesay Broadcasting Co., Inc. on the present and proposed operations of the UHF stations in the Springfield-Decatur-Champaign-Urbana area;

"(b) * * * whether grant of the application of Livesay Broadcasting Co., Inc. would be consistent with the Commission's Table of Television Allocations (Section 3.606 of the Commission's Rules), with the Commission's policies governing the allocation of television channels, and with the action taken by the Commission on February 26, 1957 in Docket 11747 (Television Allocations in Springfield, Ill.-St. Louis, Mo. Areas, 22 FCC 318);

"(c) * * * whether there are now or have been agreements or understandings between Livesay Broadcasting Co., Inc., Wabash Valley Broadcasting Corporation, and/or Illiana Telecasting Corp., applicant for Channel 2, Terre Haute (BPCT-2392, Docket No. 12260), with respect to the utilization of Channels 2 and 10 in Terre Haute; whether Wabash Valley or Livesay have failed to disclose material facts in their applications and in material submitted in connection with such applications as to their proposals with respect to the operation of Channel 10; and, whether Livesay, Wabash and/or Illiana have abused

ing such notice, the applicant shall be given an opportunity to reply. If the Commission, after considering such reply, shall be unable to make the finding specified in subsection (a) of this section, it shall formally designate the application for hearing on the grounds or reasons then obtaining and shall notify the applicant and all other known parties in interest of such action and the grounds and reasons therefor, specifying with particularity the matters and things in issue but not including issues or requirements phrased generally. The parties in interest, if any, who are not notified by the Commission of its action with respect to

a particular application may acquire the status of a party to the proceeding thereon by filing a petition for intervention showing the basis for their interest at any time not less than ten days prior to the date of hearing. Any hearing subsequently held upon such application shall be a full hearing in which the applicant and all other parties in interest shall be permitted to participate but in which both the burden of proceeding with the introduction of evidence upon any issue specified by the Commission, as well as the burden of proof upon all such issues, shall be upon the applicant."

the processes of the Commission by misrepresentation, concealment or otherwise, in connection with the filing of their applications herein, and/or in connection with the avoidance of the procedures contemplated by Section 309(b) of the Act;

"(d) * * * in light of the evidence adduced pursuant to the issues above, whether a grant of the application of either Livesay or of Wabash would serve the public interest, convenience, and necessity."

Attached to the petition to enlarge the issues was a statement that appellant *planned* to file an application for permission to construct a new television station on Channel 10. The statement added:

"Plains presumed that such applications would not be processed until and unless WTHI-TV obtained an authorization for Channel 2 and pending rule-making proposals involving the move of Channel 10 from Terre Haute to Lafayette were finally resolved (see Docket No. 12065). Within the time specified by Section 405 of the Communications Act, Plains will file a petition requesting reconsideration by the Commission of its action designating the applications of Wabash and Livesay for consolidated hearing in the present proceeding."

By order of December 2, 1958, released December 4, 1958, the petition for intervention was granted "with reference to the present proposal of Livesay Broadcasting Co., Inc." This allowance to intervene was subject to the condition that participation in the proceeding would terminate if, as and when the application of Livesay was amended to remove appellant's and Prairie's objections. On February 5, 1959, on the Hearing Examiner's own motion, in the light of the amendment filed to Livesay's application eliminating the grounds for the claimed economic injury, the conditional participation allowed appellant and Prairie [3] was terminated. Subsequently the action of the Hearing Examiner was upheld by the Commission.

Appellant, in the meantime, and on December 29, 1958, tendered for filing an application for Channel 10, asking to be heard with the applications of Wabash and Livesay. Appellant's application was returned by the Commission as unacceptable for filing under its Rule 1.106.

 The question for determination, therefore, is whether, under § 309(b) of the Act and the Commission's Rule 1.362(a),[4] the Commission's power to grant the waiver of September 22, 1958, was proper and properly exercised. We think it was.

 The purpose of the section and the rule is to give certain rights to applicants who have appeared in the matter and to provide a speedy way of bringing to determination pending applications for broadcasting stations. Certainly there is no intention to provide additional time to permit the filing of applications on behalf of unknown parties whose intention to file in no way appears. The fact is that the writing of the letter contemplated under § 309(b) could have resulted in an immediate response by the applicants who had appeared. It would

---

3. Prairie, as the result of this amendment, withdrew as a party.

4. Rule 1.362(a): *"Designation for hearing.* (a) If the Commission is unable, upon examination of any application for an instrument of authorization other than a license pursuant to a construction permit, to make the findings specified in § 1.361(a), it will without delay notify the applicant and all other known parties in interest of the grounds and reasons for its inability to make such findings, and of all objections made to the application, as well as the source and nature of such objections. Following such notice, the applicant is given an opportunity to reply. If the Commission, after considering such reply, should still be unable to determine that a grant without hearing would be in the public interest, it shall formally designate the application for hearing upon the issues then obtaining and shall notify the applicant and all other known parties in interest of such action."

not have been necessary for them to wait any period of time after receiving the notice; they could have proceeded promptly to the comparative hearing. As the Commission points out, the express terms of § 309(b) provide that notice be given to the applicant *"and all other known parties in interest."* [Emphasis supplied.]

There was nothing to prevent Plains from filing an application at any time after Channel 10 became available, and appellant, being neither an applicant nor a known party in interest, had no right to assume that its time to file would be extended by any delay caused by the sending of the notice provided in § 309 (b). That being so, it would seem clear that appellant was not entitled to have notice of the waiver of that notice.

Nor do we think that Rule 1.362(a), which implements § 309(b), is of help to appellant. That rule does not purport to give greater rights or place further limitations than those set out in § 309(b).

 While perhaps it is not controlling, the construction placed by the Commission on its own rules is of value in an interpretation of them. In this connection it is of interest to note that in at least two cases, one decided in 1954 and the other in 1957, the Commission ruled that the pre-hearing notice provided in § 309(b) of the Act and Rule 1.362(a) was designed, by calling early attention to deficiencies in an application, to give an applicant the opportunity to cure those deficiencies and perhaps avoid a hearing. The Commission added:

> "As such, the provision requiring a pre-hearing notice may be waived, as was done here with the Commission's consent." Niagara Frontier Amusement Corp., 10 Pike & Fischer, R.R. 57, 58.

And see also Television Broadcasters, Inc., 17 R.R. 1169, 1171.

We think there is nothing in the Administrative Procedure Act which would compel a contrary ruling.

Plains has impugned the good faith of all applicants for Channel 2 and Channel 10, and requested the Commission to set aside its order of September 22, 1958, "at least until these matters can be further explored." The Commission held that the allegations of bad faith were in the nature of unsubstantiated hypotheses and attached no weight to them. Manifestly, the Commission could, if it so decided, have pursued such charges *sua sponte,* even though appellant, as we hold, had no standing. The Commission having elected not to order a hearing, we see no basis to justify us in overruling its action, there appearing no abuse of discretion.

It follows that the action of the Commission must be

Affirmed.